FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JUN – 4 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

STEVEN AND STEPHANIE
HARRIS, Individually and as
Parents and Natural Guardians of
TREVOR HARRIS, a Minor,

      Plaintiffs,

v.

PONTOON BOAT, LLC,

      Defendants.

JURY TRIAL DEMANDED

CIVIL ACTION
FILE NO. _____

**2:10-CV-0103**-WCO

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Steven and Stephanie Harris, Individually and as Parents and Natural Guardians of Trevor Harris, a Minor, and file this Complaint for Damages against Defendant as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs Steven and Stephanie Harris, the parents of Trevor Harris, are citizens of Maryland.  Trevor Harris, a minor, is therefore a citizen of Maryland.

2.

Defendant Pontoon Boat, LLC ("Pontoon") is a limited liability company organized under the laws of Delaware with its principal place of business in

1

Indiana.  Upon information and belief, none of Pontoon's members are citizens of Maryland.  Defendant Pontoon is subject to the jurisdiction of this Court because it transacts business within this state, and it committed a tortious act or omission within this state.  O.C.G.A. § 9-10-91(1), (2).  Defendant Pontoon may be served with process though its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.  Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND**

4.

On June 6, 2008, the Harris family was boating on Lake Burton in Rabun County, Georgia in a Bennington Model 208 L pontoon boat (the "SUBJECT BOAT").

5.

The SUBJECT BOAT has a pinch point between the gate and the safety railing in which the fingers of users can become entrapped.

2

6.

The SUBJECT BOAT was not equipped with a pinch point guard to prevent the fingers of users from becoming entrapped in this pinch point.

7.

As Trevor Harris jumped out of the SUBJECT BOAT into the water, his right pinky finger became entrapped in the unguarded pinch point between the gate and the safety railing.  The downward velocity of Trevor Harris's body caused his pinky finger to be ripped from his right hand.

8.

Bennington Marine, LLC ("Bennington") manufactured the SUBJECT BOAT involved in the incident in suit.

9.

Bennington knew or reasonably should have known that fingers could become entrapped in the pinch point between the gate and the safety railing when users jumped into the water.

10.

Bennington knew or reasonably should have known that serious injuries, including the traumatic amputation of fingers, could result if a finger became entrapped in the pinch point between the gate and the safety railing.

11.

Bennington failed to warn users of the foregoing dangers of which they knew or reasonably should have known and failed to instruct users regarding the safe use of the SUBJECT BOAT.

12.

As a direct and proximate result of the fact that the SUBJECT BOAT did not contain adequate warnings or instructions for safe use, the SUBJECT BOAT caused Trevor Harris to be seriously injured.

13.

The acts and omissions of Bennington as set forth herein were willful and showed an entire lack of care and a conscious indifference to the consequences, justifying an award of exemplary damages against Defendant.

14.

Defendant Pontoon was formed on or about November 12, 2009 and does business as "Bennington Marine."   Pontoon acquired Bennington's assets pursuant to an asset purchase agreement.  Bennington knew of Plaintiffs' claims before it transferred its assets to Pontoon.  Defendant Pontoon's principal place of business is the same as Bennington's, Defendant Pontoon does business as "Bennington Marine," Defendant Pontoon manufactures the same products as Bennington did, there is substantial or complete identity of corporate officers

between Defendant Pontoon and Bennington, and there is some identity of ownership between Defendant Pontoon and Bennington.

15.

Pontoon is Bennington's successor company.  Pontoon is liable for all of Bennington's debts, liabilities, and obligations because (1) there is an express or implied agreement to assume liabilities; (2) the asset purchase transaction is a *de facto* merger; (3) the asset purchase transaction is a fraudulent attempt to avoid liabilities; and/or (4) Pontoon is a mere continuation of Bennington.

## COUNT ONE
## NEGLIGENCE AGAINST PONTOON

16.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 above as if they were fully restated verbatim herein.

17.

Bennington designed and manufactured the SUBJECT BOAT involved in the incident in suit.

18.

Bennington was engaged in the business of manufacturing and selling pontoon boats for use and consumption.

19.

Bennington manufactured the SUBJECT BOAT involved in the incident in suit.

20.

The SUBJECT BOAT presented an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner Bennington might reasonably have expected.   In particular, the SUBJECT BOAT was defective because the unprotected pinch point between the gate and the safety railing presented an unreasonable risk of harm to users of the SUBJECT BOAT.  Because Bennington knew or reasonably should have known of the foregoing dangers and the likelihood that serious injuries would result from fingers becoming entrapped in the pinch point, Bennington was negligent in failing to communicate adequate warnings and instructions designed to prevent the kind of injuries suffered by Trevor Harris.

21.

As a direct and proximate result of Bennington's negligence, Trevor Harris was caused to endure pain and suffering and in the future he will continue to endure pain and suffering and a loss of capacity to work and labor.

Trevor Harris is therefore entitled to an award of general and special damages in an amount to be determined by a jury of his peers.

22.

As a direct and proximate result of Bennington's negligence, Steven and Stephanie Harris, as parents of Trevor Harris, a minor, have incurred medical expenses for the treatment of Trevor Harris's injuries.  Steven and Stephanie Harris are therefore entitled to special damages in an amount to be determined by a jury of their peers.

23.

Defendant Pontoon is liable for the foregoing tortious acts and omissions of Bennington because (1) there is an express or implied agreement to assume liabilities; (2) the asset purchase transaction is a *de facto* merger; (3) the asset purchase transaction is a fraudulent attempt to avoid liabilities; and/or (4) Pontoon is a mere continuation of Bennington.

**COUNT TWO**
**STRICT LIABLITY AGAINST BENNINGTON**

24.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 above as if they were fully restated verbatim herein.

7

25.

Bennington designed and manufactured the SUBJECT BOAT involved in the incident in suit.

26.

Bennington was engaged in the business of manufacturing and selling pontoon boats for use and consumption.

27.

Bennington manufactured and sold the SUBJECT BOAT involved in the incident in suit.

28.

The SUBJECT BOAT presented an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner Bennington might reasonably have expected.    In particular, the SUBJECT BOAT was defective because the unprotected pinch point between the gate and the safety railing presented an unreasonable risk of harm to users of the SUBJECT BOAT.  Because the SUBJECT BOAT presented unnecessary dangers of fingers becoming entrapped in the pinch point, in the absence of adequate warnings and instructions the SUBJECT BOAT was defective.

29.

As a direct and proximate result of Bennington's manufacture and sale of a defective boat that lacked adequate and necessary warnings and instructions, Trevor Harris was caused to endure pain and suffering and in the future he will continue to endure pain and suffering and a loss of capacity to work and labor. Bennington is therefore strictly liable to Trevor Harris and he is therefore entitled to an award of general and special damages in an amount to be determined by a jury of his peers.

30.

As a direct and proximate result of Bennington's manufacture and sale of a defective boat that lacked adequate and necessary warnings and instructions, Steven and Stephanie Harris, as parents of Trevor Harris, a minor, have incurred medical expenses for the treatment of Trevor Harris's injuries. Bennington is therefore strictly liable to Steven and Stephanie Harris and they are therefore entitled to special damages in an amount to be determined by a jury of their peers.

31.

Defendant Pontoon is liable for the foregoing tortious acts and omissions of Bennington because (1) there is an express or implied agreement to assume liabilities; (2) the asset purchase transaction is a *de facto* merger; (3) the

asset purchase transaction is a fraudulent attempt to avoid liabilities; and/or (4)

Pontoon is a mere continuation of Bennington.

**COUNT THREE**
**PUNITIVE DAMAGES AGAINST PONTOON**

32.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 31

above as if they were fully restated verbatim herein.

33.

Bennington was aware well before Plaintiff Trevor Harris was injured that

the SUBJECT BOAT contained an unprotected pinch point capable of

traumatically amputating users' fingers but took no steps to redesign, recall,

modify, or issue appropriate warnings.  Bennington's conduct in failing to take

the foregoing actions constitutes an entire lack of care and a conscious disregard

for the safety of humans who operate the SUBJECT BOAT.

34.

As a direct and proximate result of Bennington's wrongful conduct,

Plaintiffs are entitled to judgment against Pontoon for exemplary damages to

deter similar conduct in the future and to punish Bennington and its successor

company, Pontoon, for the wrongful acts, in an amount to be determined by the

enlightened conscience of the finder of fact.

10

**WHEREFORE**, Plaintiffs pray that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiffs be awarded judgment in Plaintiffs' favor and against the Defendant as follows:

(a) Under Count One, that Plaintiffs be awarded special and general damages against Pontoon in amounts to be determined by a jury of Plaintiffs' peers;

(b) Under Count Two, that Plaintiffs be awarded special and general damages against Pontoon in amounts to be determined by a jury of Plaintiffs' peers;

(c) Under Count Three, that Plaintiffs be awarded punitive damages against Pontoon in an amount sufficient to punish and deter Bennington and Pontoon;

(d) That the cost of this action be levied against Defendant; and

(e) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

(Signature on following page.)

11

Respectfully submitted,

WARSHAUER LAW GROUP, P.C.

By: _____

Michael J. Warshauer
mjw@warlawgroup.com
Georgia Bar No. 018720
Darl H. Champion, Jr.
dhc@warlawgroup.com
Georgia Bar No. 910007
Attorneys for Plaintiffs

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax